IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUY C. PATTERSON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:18-cv-00193 |
| NANCY A. BERRYHILL, COMMISSIONER (ACTING), U.S. SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |
| AMBROSE, Senior District Judge | ) |

## MEMORANDUM OPINION AND ORDER

In this employment discrimination action, Defendant, Nancy A. Berryhill, Commissioner (Acting), U.S. Social Security Administration ("Berryhill" or "Defendant"), filed an Answer to Plaintiff's Complaint on May 2, 2018. [ECF No. 5]. On May 17, 2018, Plaintiff filed a Motion for Judgment on the Pleadings as to Liability and Brief in Support [ECF Nos. 8, 9]. On June 12, 2018, Defendant filed a Response to Plaintiff's Motion. [ECF No. 12]. On June 13, 2018, Plaintiff sought leave to file a Reply Brief which I granted on June 14, 2018. [ECF Nos. 13, 14]. The Motion is now ripe for my review.

In his Motion, Plaintiff seeks an entry of judgment on the pleadings in his favor on the grounds that Berryhill's service as Acting Commissioner of Social Security after November 17, 2017 violates the Federal Vacancies Reform Act of 1998 ("FVRA"), 5 U.S.C. § 3345, *et seq.*, and, therefore, that her Answer to the Complaint is a legal nullity. [ECF No. 9]. In support, Plaintiff attaches exhibits showing that approximately three weeks after Plaintiff filed his Complaint, the U.S. Government Accountability Office ("GAO") advised the President that the FVRA limits the time a vacant position can be held by an "acting" official and that Berryhill's service had violated

1

the time limitations in the Act.  Id. at 2 & Ex. 6.  According to Plaintiff, Berryhill subsequently relinquished the title of Acting Commissioner and resumed her prior position in the agency as Deputy Commissioner of Operations.  Id. at 5.  Consequently, Plaintiff argues that Berryhill is not a proper party to this action.  Id.

After careful consideration of Plaintiff's arguments, Defendant's response, and Plaintiff's reply, I find that Plaintiff's position is without merit.  In her response, Berryhill acknowledges that her term as Acting Commissioner should have ended on November 17, 2017 in accordance with the FVRA, and that, immediately following the GAO's determination in March 2018, she stepped down from her role as Acting Commissioner and continued to lead the agency from her Deputy Commissioner of Operations position of record.  [ECF No. 12, at 1-2].  As she points out, however, on April 17, 2018, the President nominated Mr. Andrew Saul to be the next Commissioner of Social Security.  Id. at 2 (citing sources).  The FVRA contains a "spring-back" provision that enabled Berryhill to resume her role as Acting Commissioner as of the date of Mr. Saul's nomination, fifteen days prior to the date that the Answer was filed in this case.  Id.; see 5 U.S.C. § 3346(a)(2) (providing that, once a first or second nomination for the office is submitted to the Senate, an acting officer may serve from the date of such nomination for the period the nomination is pending in the Senate).

The arguments set forth in Plaintiff's Reply Brief do not change my conclusions.  In his reply, Plaintiff asserts that, under the Social Security Administration Succession Plan, Deputy Commissioner for Budget, Finance, Quality, and Management, Michelle A. King, rather than Berryhill, should occupy the position of Acting Commissioner.  [ECF No. 13-3].  This argument is meritless.  Under the succession plan to which Plaintiff refers, the first person in line to act as and perform the functions and duties of the Social Security Commissioner in the event of a vacancy is the Deputy Commissioner for Operations.  See Memorandum for the Commissioner of the Social Security Administration, 81 Fed. Reg. 96337, 2016 WL 7487744.  The position held by Michelle King, Deputy Commissioner for Budget, Finance, Quality, and Management, is

2

second in line.  See id.  As noted in Plaintiff's motion and exhibits thereto, following the notice from the GAO concerning the timing violation, Berryhill continued to lead the agency from her position of record, Deputy Commissioner of Operations.  See ECF No. 8-5 (Motion Ex. 4).  As set forth above and in the succession plan, the Deputy Commissioner of Operations is first in line to assume the duties of acting commissioner.   Plaintiff has not cited any authority supporting his alternative interpretation of the memorandum of succession or otherwise suggesting that Ms. King should have assumed the acting commissioner duties over Berryhill either in November 2017 or April 2018.  See also, e.g., Mateo v. Berryhill, Civil Action No. 3:16-1057, 2018 WL 1965286, at *1 n.1 (M.D. Pa. Apr. 25, 2018) (noting that, although Berryhill was not authorized to use the title Acting Commissioner after November 2017, she continued to functionally lead the Social Security Administration from her position of record as Deputy Commissioner of Operations); Reeves v. Berryhill, Case No. 2:16-cv-00114, 2018 WL 1535462, at *1 n.1 (M.D. Tenn. Mar. 29, 2018) (same, citing the order of succession).[1]

Because Berryhill, as Acting Commissioner, is not an improper defendant in this case, judgment on the pleadings is unwarranted on this basis.  To the extent Plaintiff further seeks judgment on the pleadings on the merits of his claims, such arguments are premature.   For all of these reasons, Plaintiff's Motion for Judgment on the Pleadings as to Liability at ECF No. 8 is DENIED.

AND NOW, on this 14th day of June, 2018, IT IS SO ORDERED.  IT IS FURTHER

---

[1] Moreover, and, in any event, Berryhill is a party to this lawsuit only in her official capacity.   Pursuant to Federal Rule of Civil Procedure 25(d):

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Thus, if at any time it is determined that Berryhill is/was not the appropriate acting officer, the correct individual would be automatically substituted as of that time.

ORDERED that a status conference is scheduled for Thursday, June 21, 2018, at 10:00 a.m. in chambers.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
U.S. Senior District Judge